

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-55

| | | |
|---|---|---|
| GREGORY S. CRUM | | **Opinion Delivered** December 17, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO.CR-07-1210] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of his probation. Appellant's counsel has filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4-3(k)(1),[2] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal.[3]

---

[1] 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] (2013).

[3] A certified copy of counsel's motion and brief were mailed to appellant at his last known address, which was the same address listed in counsel's certificate of service on his motion to withdraw. The packet was returned marked "No Receptacle;" however, this appeared to have been marked after the Arkansas Department of Correction forwarded it to an address in Mississippi. The packet was resent to an address in Byhalia, Mississippi, which had been provided by the Crittenden County Jail. The packet was returned marked "No forwarding address." Appellant's counsel had no additional contact information for appellant.



Appellant failed to file pro se points for reversal. We affirm the court's revocation of appellant's probation and grant counsel's motion to withdraw.

On January 28, 2010, appellant pleaded guilty to theft, a Class "C" felony. He was sentenced to 60 months' probation along with fines, court costs, and fees totaling $3,663. On July 13, 2010, the State filed a petition for revocation of probation, asserting that appellant (1) failed to pay fines, costs, and fees as directed; (2) failed to report to probation as directed; (3) failed to pay probation fees; and (4) failed to notify the sheriff and probation of his current address and employment. A hearing on the State's petition was held on October 15, 2013.

At the hearing, Amy Peyton, bookkeeper for the Crittenden County Sherriff's Department, testified that appellant had been assessed $520 in costs and still owed $2,888 for a previous assessment on the underlying charge. She stated that appellant had made only one payment of $55 and "had not been heard from" or communicated with since.

April Thomas, appellant's probation officer, testified that she received appellant as a probationer after January 28, 2011, and that she had apprised him of the conditions of his probation. She advised that appellant had provided two addresses: one at a hotel and one in Mississippi. Thomas testified that she testified appellant that he did not have permission to live in or travel to Mississippi and that he could not go there until his case was transferred to Mississippi. She advised that appellant reported and paid his probation fees in February and March 2010, but had not been heard from since. She testified that she could not reach appellant by phone or mail.

Finally, appellant testified. He stated that he had been in the Shelby County Correctional Facility in Tennessee on an unrelated probation revocation in that state from March 2010 to November 2011. He also stated that upon being released from jail in Tennessee, he "assumed" that his probation revocation, which is the subject of this case, had expired; therefore, he moved to Byhalia, Mississippi, where he still resided. However, he acknowledged that he "didn't bother" checking on his status in the matter and also acknowledged that five years—60 months—from the date of his guilty plea would mean that the probation that is the subject of this matter would not have expired until January 2015.

Following appellant's testimony, the court found that he inexcusably failed to pay fines, costs, and fees as directed; failed to report to probation as directed; and failed to pay probation fees, as alleged in the State's petition. It also found that appellant failed to remain in and not move out of the jurisdiction of the court. Accordingly, the court revoked appellant's probation, entering a sentencing order on October 15, 2013, sentencing appellant to 36 months' imprisonment in the Arkansas Department of Correction plus court costs and fees. It is from this order that this timely appeal followed.

In compliance with *Anders*[4] and Rule 4–3(k)(1), counsel ordered the entire record and found that after a conscientious review of the record, there were no issues of arguable merit for appeal. Counsel's brief adequately covered the only action that was adverse to appellant below, namely, the revocation. After carefully examining the record and the brief presented to us, we believe counsel has complied with the requirements established

---

[4]*Supra.*

3

by the Arkansas Supreme Court for no-merit appeals and conclude that the appeal is wholly without merit. Accordingly, we affirm revocation of appellant's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.

